608 A.2d 488

COMMONWEALTH of Pennsylvania, Appellant,

v.

David R. PRATTI, Appellee.

Supreme Court of Pennsylvania.

Argued March 10, 1992.

Decided May 18, 1992.

Robert E. Colville, Dist. Atty., Claire C. Capristo, Deputy Dist. Atty., Scott A. Bradley, Asst. Dist. Atty., Pittsburgh, for appellant.

Joel B. Johnston, Martin W. Sheerer, Schuchert Sheerer, Pittsburgh, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

CAPPY, Justice.

The issue before this Court is whether the arresting officer, in stopping and detaining appellee, violated the Statewide Municipal Police Jurisdiction Act, 42 Pa.C.S.

§ 8953 (the "Act").   For the reasons that follow we find that the Act was not violated and, therefore, vacate the order of the Superior Court.

On August 3, 1988, at approximately 12:45 a.m., Officer Frank Albert of the Millvale Borough Police Department was on patrol duty in uniform and in a marked police car. At that particular time he was patrolling that end of Mill-vale Township which borders Shaler Township.   An intersection marks the border between these two jurisdictions. At that intersection, and within the boundaries of Shaler Township, is located a certain gas station.   The record reflects that it was routine practice for the Millvale police, during the course of their usual patrol, to enter the township of Shaler at this particular intersection and circle around this gas station in order to return to Millvale for patrol [1].   On the night in question, Officer Albert had just turned onto the driveway leading to the gas station/mini-market when he heard a loud noise which he described as a "loud clang or bang" that sounded like an accident.   Officer Albert testified that his original intention was to stop at the mini-market to buy himself a refreshment prior to his returning to Millvale.

Upon hearing the noise, Officer Albert abandoned his initial intentions and proceeded to investigate what he believed might have been an accident.   In so doing, he proceeded along Babcock Boulevard for a short distance and then turned left onto Geyer Road at which time he observed a vehicle ahead of him and noticed a stop sign lying on the road.   He then radioed the Shaler Police Department and informed them of what he had observed and that he was going to assist them by stopping the vehicle.

As Officer Albert approached the vehicle, he observed it swerving along the roadway, back and forth across the

1.   While the record is somewhat unclear, it appears that the particular gas station which the Millvale police officers routinely circle in order to return to their jurisdiction is an A–Plus and, therefore, in addition to the gas station, there is also a mini-market located at that site.   We note that even if the gas station and the mini-market are separate entities their physical proximity does not affect the outcome.

centerline. He proceeded to stop the vehicle just as it left Shaler Township and entered Reserve Township. When he approached the vehicle, Officer Albert observed that the driver, appellee, was exhibiting signs of intoxication. Officer Albert detained appellee and was subsequently joined at the scene by fellow officers from both Shaler and Reserve Townships. The information against appellee was ultimately filed by the Shaler Police Department.[2]

Prior to trial, appellee filed a motion to dismiss challenging the legality of the arrest by Officer Albert on the grounds that he was acting outside his jurisdictional limits (Millvale) in violation of the Statewide Municipal Police Jurisdiction Act.[3] The motion to dismiss was denied and appellee proceeded to a bench trial before the Honorable James F. Clarke of the Court of Common Pleas of Allegheny County, Criminal Division. Upon conclusion of the trial, he was adjudged guilty of driving under the influence of alcohol and driving while operating privilege is suspended or revoked. Post-verdict motions were filed and argued following which appellee's motion in arrest of judgment was granted.

In ordering the arrest of judgment, the trial court found that Officer Albert was *not* on "official business" when he made the arrest outside of his jurisdiction and, therefore, was in violation of the Statewide Municipal Police Jurisdiction Act. On appeal, the Superior Court agreed stating that the arresting officer was *not* on "official business" when he went outside his jurisdiction in order to purchase a bottle of soda pop. 400 Pa.Super. 622, 576 A.2d 1137.

The Act provides in relevant part as follows:

§ 8953. Statewide municipal police jurisdiction

(a) General Rule.—Any duly employed municipal police officer who is within this Commonwealth, but beyond the territorial limits of his primary jurisdiction, shall have the power and authority to enforce the laws of this Common-

2. There is no dispute that the arrest of appellee occurred when he was "stopped and detained" by the Millvale police officer.

3. Act of June 15, 1982, P.L. 512, No. 141 § 4, as amended.

wealth or otherwise perform the functions of that office as if enforcing those laws or performing those functions within the territorial limits of his primary jurisdiction in the following cases:

(5) Where the officer is on official business and views an offense, or has probable cause to believe that an offense has been committed, and makes a reasonable effort to identify himself as a police officer and which offense is a felony, misdemeanor, breach of the peace or other act which presents an immediate clear and present danger to persons or property.

42 Pa.C.S. § 8953(a)(5).

This Court recently addressed subsection (5) of the Act in *Commonwealth v. Merchant*, 528 Pa. 161, 595 A.2d 1135 (1991). In *Merchant*, we held that the stop and detention of the appellee in a jurisdiction other than that of the arresting officers where the appellee had been observed by the arresting officers driving his car in an erratic manner was authorized under section (a)(5). On the facts in *Merchant* we concluded that the officers were on duty at the time and were travelling their usual route as part of their routine responsibilities. Similarly, we conclude, based upon the facts presented in the instant matter, that Officer Albert was on "official business" as he traveled toward his routine turnaround in Shaler Township. When he heard what he believed to be an automobile accident, he had an affirmative duty to proceed and investigate in order to make himself available to render assistance if need be. The fact that the occurrence was outside of his jurisdiction does not vitiate his duty to assist if needed; nor does it alter the fact that he continued to be on "official business."

While Officer Albert did testify that it was his intention to stop at the mini-market to buy himself a refreshment prior to returning to his jurisdiction to patrol, he was, nevertheless, still on routine patrol at the time of the incident. As noted above, it was routine for Millvale police officers to enter Shaler Township at this particular intersection as part of their usual responsibilities while on routine

patrol. Any other interpretation of the Act, given the facts presented here, would not be in keeping with the legislative intent of the Act as espoused in our opinion in *Merchant.*

Having determined that Officer Albert was on "official business" at the time he was outside of his jurisdiction, we have no hesitancy in then concluding that, upon hearing what he believed may have been an automobile accident, and within seconds thereof, seeing a stop sign lying in the road and a vehicle ahead of him, which upon further investigation, was noticably swerving across the centerline, he possessed the requisite probable cause pursuant to subsection (5) of the Act to enforce the laws of this Commonwealth outside of his primary jurisdiction.

For all the foregoing reasons, we conclude that Officer Albert was not in violation of the Act in stopping and detaining appellee. Having found that no violation of the Act occurred, it is not necessary for us to address the second issue raised by the Commonwealth regarding application of the exclusionary rule.

Accordingly, the Order of the Superior Court is vacated and the conviction is reinstated and the case is remanded to the trial court for imposition of sentence.

LARSEN, J., did not participate in the consideration or decision of this matter.

NIX, C.J., concurs in the result.

ZAPPALA, J., files a dissenting opinion.

ZAPPALA, Justice.

I dissent. In his findings of facts, the trial judge concluded that the police officer was not on "official business" at the time he stopped at the gas station/mini-market. Our scope of review in this appeal is whether such finding is supported by credible evidence. *Commonwealth v. Iannaccio*, 505 Pa. 414, 425, 480 A.2d 966, 971 (1984), cert. den., 474 U.S. 830, 106 S.Ct. 96, 88 L.Ed.2d 78, Opinion in Support of Affirmance per Zappala, J. Rather than undertaking

this review, the majority erroneously substitutes their own findings for that of the trial court. On the contrary, I would defer to the trial court and conclude that the trial court's finding is supported by credible evidence. Therefore, since Officer Albert was not on "official business" when he believed a criminal offense was occurring outside of his jurisdiction, the authority for him to proceed under § 8953 of the Act was inapplicable. Accordingly, Officer Albert had no authority to stop and detain appellee.