870 A.2d 818

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Russell Edward LEHMAN, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 22, 2004.

Decided March 29, 2005.

---

Paul John Powers, Mercer, for Russell Edward Lehman, appellant.

Samuel R. Zuck, James Peter Epstein, Mercer, for the Com. of PA, appellee.

Stuart B. Suss, West Chester, for Office of Atty. Gen., appellee amicus curiae.

Before: CAPPY, C.J., CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and BAER, JJ.

## OPINION

Justice EAKIN.

This case presents the question of whether the Municipal Police Jurisdiction Act (MPJA), 42 Pa.C.S. § 8953, is violated when a police officer leaves his primary jurisdiction to investigate a citizen's report of a motorist in distress in an adjacent municipality, finds probable cause to believe the motorist is intoxicated, and detains the motorist until an officer from that jurisdiction arrives. We hold it is not.

In the early morning hours of August 14, 1999, a private citizen stopped Officer Robert Wagner of the New Wilmington Police Department and informed him a red car was parked on a highway three-quarters of mile away with its driver slumped over. The citizen expressed concern for the driver's safety. Wagner drove to the scene and found the car parked perpendicular to the highway with its headlights on, engine running, window down, and radio blaring. The car turned out to be located a quarter-mile outside the Borough of New Wilmington, in neighboring Wilmington Township. The border between the municipalities also constitutes the line between Lawrence and Mercer Counties. Wagner approached the car and saw appellant in the front seat, slumped over in a deep sleep. Concerned for appellant's well-being, Wagner attempted to awaken him, which turned out to be more difficult than expected; it took Wagner three to four minutes of shouting and shaking to rouse appellant. Appellant smelled of alcohol and did not know where he was or why he was there. After determining appellant did not need medical attention, Wagner requested his driver's license. Believing appellant was intoxicated, Wagner radioed the state police, who asked him to stand by until a trooper arrived. In the interim, Wagner had appellant perform a field sobriety test, after which the two

"chit-chatted" until the state police arrived 30 minutes later. The state police administered another field sobriety test— which appellant failed—and arrested him for driving under the influence of alcohol.

Appellant's pretrial motion to suppress evidence was denied. The suppression court held Officer Wagner had not violated the MPJA by leaving his jurisdiction and detaining appellant until the state police arrived. The suppression court noted even if the MPJA did not authorize Wagner's actions, the state police would have "inevitably discovered" appellant's intoxicated condition. A jury subsequently found appellant guilty of operating a motor vehicle with a blood alcohol concentration of 0.1% or greater, 75 Pa.C.S. § 3731(a)(4). The Superior Court affirmed, *Commonwealth v. Lehman,* 820 A.2d 766 (Pa.Super.2003), but relied solely on the inevitable discovery doctrine after finding the MPJA did not authorize Wagner's actions. We granted allowance of appeal. *Commonwealth v. Lehman,* 575 Pa. 684, 834 A.2d 1141 (2003).

Contrary to the Superior Court's conclusion, we find the MPJA does not prohibit Officer Wagner's conduct. The MPJA permits an officer to enforce the laws beyond the territorial limits of his jurisdiction "[w]here the officer is on official business and views an offense, or has probable cause to believe that an offense has been committed...." 42 Pa.C.S. § 8953(a)(5). The Superior Court, finding Officer Wagner "acted in his official capacity to assure a citizen's well-being, an affirmative duty imposed upon him by virtue of his position as a public servant," *Lehman,* at 770–71, nonetheless held his actions did not fall within § 8953(a)(5) because he did not see appellant committing an offense or have probable cause to believe appellant had committed an offense at the time he left his jurisdiction to investigate the citizen's report. *Id.,* at 770.

We have previously noted the MPJA should be liberally construed to achieve its purposes, one of which is to provide police with the authority to act as police officers outside their jurisdictions in limited circumstances. *Commonwealth v. Merchant,* 528 Pa. 161, 595 A.2d 1135, 1138 (1991). The

MPJA is intended to promote public safety while maintaining police accountability to local authority; it is not intended to erect "impenetrable jurisdictional walls benefit[ing] only criminals hidden in their shadows." *Id.*, at 1139. In support of his claim the MPJA will not countenance Officer Wagner's conduct, appellant cites *Commonwealth v. McCandless*, 538 Pa. 286, 648 A.2d 309 (1994), *Commonwealth v. Mason*, 535 Pa. 560, 637 A.2d 251 (1993), *Commonwealth v. Pratti*, 530 Pa. 256, 608 A.2d 488 (1992), and *Commonwealth v. Merchant, supra.* Of these, only *Pratti* and *Merchant* are on point,[1] and our reading of them leads us to conclude the MPJA authorizes Officer Wagner's conduct.

In *Pratti*, an on-duty officer of the Millvale Borough Police Department, consistent with routine practice, crossed into Shaler Township to turn around in a service station parking lot. While in the parking lot, the officer heard a loud noise that sounded like a car accident, so he drove further into Shaler Township to investigate. The officer came upon a stop sign lying in the road and saw a car ahead of him swerving back and forth across the centerline. The officer stopped the vehicle, observed its driver was intoxicated, and summoned the Shaler Township Police Department. The defendant claimed the MPJA did not authorize his detention by the out-of-jurisdiction Millvale officer. This Court disagreed, finding the officer was on "official business" within the meaning of § 8953(a)(5) when he made the routine turnaround, and holding he had an affirmative duty to investigate a suspected car accident and render assistance if necessary. *Pratti*, at 490. This Court further held the officer, upon seeing the fallen stop sign and swerving car, had the requisite probable cause to stop the defendant under § 8953(a)(5). *Id.*

In *Merchant*, two on-duty officers of the Etna Police Department were traveling through the Borough of Aspinwall, as was customary in order to reach a limited access highway

---

**1.** *McCandless* involves the "hot pursuit" provision of § 8953(a)(2) of the MPJA, and *Mason* addresses the appropriate remedy for a violation of the Rules of Criminal Procedure regarding the issuance and execution of a search warrant outside an officer's jurisdiction.

through Etna, when they noticed a car cross the centerline and nearly strike an oncoming vehicle. The officers stopped the car, determined its driver was intoxicated, and detained him until the Aspinwall police arrived. The defendant claimed the MPJA did not authorize his detention by the out-of-jurisdiction Etna officers. This Court disagreed, finding the officers were on "official business" within the meaning of § 8953(a)(5) in traveling their usual route as part of their routine responsibilities. *Merchant,* at 1139. We further held the officers, upon seeing the defendant nearly strike an on-coming vehicle, had probable cause to believe an offense had been committed, and noted the Etna officers "limited the impact of their activities outside their primary jurisdiction by merely detaining [the defendant] while awaiting arrival of the Aspinwall police." *Id.*

Considering the present case as well as *Pratti* and *Merchant,* we are led to the following rule: section 8953(a)(5) of the MPJA authorizes an extrajurisdictional detention where the detaining officer is on-duty, outside his or her jurisdiction for a routine or customary reason including responding to an exigent circumstance, develops probable cause to believe an offense has been committed, and limits out-of-jurisdiction activities to maintaining the *status quo,* including detaining the suspect, until officers from the appropriate jurisdiction arrive.

Application of this rule to appellant's case shows the MPJA does not forbid what Officer Wagner did here. Officer Wagner was on-duty inside his jurisdiction when a citizen reported a car parked less than a mile away whose driver was slumped over and may have needed medical assistance. Officer Wagner responded and found probable cause to believe appellant was driving under the influence, and he limited his out-of-jurisdiction activities to detaining appellant and summoning officers with jurisdiction, in this case the state police.[2] The fact that Officer Wagner learned of the exigency while he was within his jurisdiction, rather than already outside of it as

2. The results of the field sobriety test Officer Wagner administered were not admitted at appellant's trial, and we express no opinion as to their admissibility.

in *Pratti* and *Merchant,* does not render this case inconsistent with those cases—the duty to act is triggered by the exigency, not the officer's relationship to the municipal border when it arises.

Excluding the evidence in this case would not advance any of the purposes the MPJA was designed to serve. The legislative intent behind the MPJA—to enable municipal police officers to protect all of the public while maintaining their accountability to local authority—is promoted by allowing Officer Wagner to take the reasonable steps he did here. The "official duties" of a police officer at times extend outside the home jurisdiction's political boundaries, and appropriate responses to exigencies must be allowed, as the statute acknowledges. Authorizing expedient but limited responses is only common sense; they save lives and property without infringement on anyone's rights.

Officer Wagner was not engaged in an extrajurisdictional fishing expedition nor an attempt to expand his sphere of power. Had appellant in fact needed assistance, Officer Wagner was in the best position to provide it. Had appellant had a heart attack rather than been drunk, he would urge us to permit Officer Wagner to help him. Allowing officers to do their duty most effectively and beneficially to the public will sometimes put them in a position to see crimes and find drunken drivers—such would be a poor reason to limit their ability to provide the full measure of service to the public that is possible.

Because Officer Wagner's actions did not violate the MPJA, we need not address the merits of the Superior Court's application of the inevitable discovery doctrine. For the foregoing reasons, the judgment of the Superior Court is affirmed. Jurisdiction relinquished.