J-S54015-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RANDY KERSTETTER | |
| Appellant | No. 381 MDA 2014 |

Appeal from the Judgment of Sentence February 26, 2014
In the Court of Common Pleas of Perry County
Criminal Division at No(s): CP-50-CR-0000390-2012

BEFORE:  LAZARUS, J., MUNDY, J., and STABILE, J.

MEMORANDUM BY LAZARUS, J.                    **FILED SEPTEMBER 25, 2014**

Randy Kerstetter appeals from his judgment of sentence, entered in the Court of Common Pleas of Perry County, following his convictions for the summary offenses of roadways laned for traffic, 75 Pa.C.S. § 3714(a), and careless driving 75 Pa.C.S. § 3714(a), as well as two counts of driving under the influence (DUI), 75 Pa.C.S. §§ 3802(a) (general impairment), 3802(c) (highest rate of alcohol).  Kerstetter was sentenced to 45 days' incarceration and ordered to wear a SCRAM™ bracelet[1] for 45 days to one year.  After careful review, we affirm.

_____

[1] SCRAM™ alcohol monitoring technologies are used to assess DUI offenders and enforce accountability and compliance while participating in a program. **See** http://www.scramsystems.com/index/programs/drunk-driving.  The SCRAM™ CAM bracelet is a 24/7 transdermal alcohol testing system, for use with high-risk DUI alcohol offenders. It combines 24/7 alcohol testing with optional house arrest monitoring in a single device.

At a suppression hearing held on July 16, 2013, Newport Borough Corporal Officer Barry Wayne Keller, Jr., testified that at approximately 5:15 p.m. on July 28, 2012, he was on-duty in a marked police car when he received information regarding a 9-1-1 call about a suspected DUI in progress involving the driver of a Dodge Ram pickup truck.[2]  Officer Keller observed the truck enter his borough and he proceeded to follow it.  He met up with the vehicle at a feed mill parking lot located near the Newport Borough/Oliver Township line, where state highways 34 and 849 merge. Officer Keller testified that while his jurisdiction begins at the bridge of a creek, approximately 80-100 yards from the feed mill lot, the lot was a good location for officers to monitor traffic coming in and out of his borough.

As Officer Keller followed the truck, driven by Kerstetter, he observed the vehicle tap the middle line while in his jurisdiction.  When the vehicle reached the bridge, which is the borough line, Officer Keller notified state police that he was unable to make a traffic stop at that time and advised that he would proceed to "keep a visual on the truck" until a trooper could come into the area.  Officer Keller followed the truck as it turned onto the neighboring borough's parkway, where the vehicle completely crossed over into the oncoming lane of traffic.  Within a mile of that observation, Officer Keller observed the truck cross over the double yellow line at least six times,

---

[2] Officer Keller was the sole witness at the suppression hearing.

causing oncoming vehicles to swerve to avoid hitting Kerstetter's truck.  The officer testified that Kerstetter would abruptly turn his truck to return to his original lane of travel after each incident of swerving.  At that time of day, Officer Keller testified that there was a steady amount of traffic on the roadway, and, that based on his training and twelve years of experience on the police force, it appeared that Kerstetter was under the influence.  Officer Keller immediately notified county communications to let the Pennsylvania State Police know that he was going to initiate a traffic stop in the interest of public safety.  At that point, Officer Keller activated his police cruiser lights and siren, after which Kerstetter pulled his truck onto the berm of the road.  Officer Keller identified himself to Kerstetter,[3] told him that a state trooper was en route to speak with him, returned to his cruiser and waited for the trooper to arrive.  When the state trooper arrived on the scene, Officer Keller informed him of his observations and his continual contact with county communications.  Officer Keller remained with the trooper until Kerstetter was secured.

On appeal, Kerstetter presents the following issues for our consideration:

> (1)    Did the trial court err in denying the suppression motion[,] allowing evidence in regarding a vehicle stop conducted by

_____

[3] Officer Keller also testified that he detected a strong odor of alcohol emanating from the interior of the truck.  N.T. Suppression Hearing, 7/16/13, at 10.

an officer outside his jurisdiction, while this officer testified that he did no[t] observe any probable cause infractions inside his jurisdiction to warrant a stop.

(2) Was the evidence introduced at trial sufficient to prove beyond a reasonable doubt that appellant was guilty of driving under the influence.

In reviewing the denial of a motion to suppress, an appellate court's responsibility is to determine whether the record supports a suppression court's factual findings and the legitimacy of the inferences and legal conclusions drawn from those findings. *Commonwealth v. Laird*, 797 A.2d 995, 999 (Pa. Super. 2002). If the suppression court held for the prosecution, the appellate court considers only the evidence of the prosecution's witnesses and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted. *Id.*

Kerstetter first contends that Officer Keller did not have the authority to stop his vehicle where he observed no criminal conduct within his jurisdiction and where the stop took place outside of his jurisdiction.

The Municipal Police Jurisdiction Act (MPJA) provides police with the authority to act as police officers outside their jurisdiction in limited circumstances. *Commonwealth v. Lehman*, 870 A.2d 818, 820 (Pa. 2005) (citation omitted). One of the principal purposes of the MPJA is to promote public safety, while maintaining police accountability to local authority. *Commonwealth v. Merchant*, 595 A. 2d 1135, 1138 (Pa. 1991). The pertinent exception of the MPJA that is relevant to the instant case states:

(a)  General rule. --Any duly employed municipal police officer who is within this Commonwealth, but beyond the territorial limits of his primary jurisdiction, shall have the power and authority to enforce the laws of this Commonwealth or otherwise perform the functions of that office as if enforcing those laws or performing those functions within the territorial limits of his primary jurisdiction in the following cases:

*    *    *

(5) Where the officer is on official business and views an offense, or has probable cause to believe that an offense has been committed, and makes a reasonable effort to identify himself as a police officer and which offense is a felony, misdemeanor, breach of the peace or other act which presents an immediate clear and present danger to persons or property.

42 Pa.C.S. § 8953(a)(5). Our Courts have explained that the MPJA must be construed liberally to achieve one of its purposes, which is to provide police with the authority to act outside their jurisdictions under the circumstances enumerated in that Act. *Commonwealth v. Chernosky*, 874 A.2d 123 (Pa. Super. 2005) (en banc), citing *Lehman*, *supra*.

As the suppression court correctly noted, Officer Keller's uncontradicted testimony supports the fact that by crossing the center yellow lines numerous times, and at least crossing over into oncoming traffic on one instance, Kerstetter was an immediate clear and present danger to drivers on the roadway.  N.T. Suppression Hearing, 7/16/13, at 7.  Although Officer Keller admits that he did not observe Kerstetter commit a criminal offense within his jurisdiction, he was justified in following Kerstetter's vehicle for a short time over borough lines, where he was on official business when he was notified of a 9-1-1 call regarding the truck and there were no

other officers on the scene at the time. **Merchant**, **supra** (officers outside primary jurisdiction on official business when traveling usual route as part of routine responsibilities); **Commonwealth v. Morris**, 829 A.2d 690, 697 (Pa. Super. 2003) (incumbent upon officer to follow suspected vehicle outside of primary jurisdiction while on official business).

Moreover, at the moment that Officer Keller observed Kerstetter's vehicle swerving between lanes of travel and, ultimately, into oncoming traffic, he had probable cause to believe that Kerstetter was committing a vehicle code offense, a possible DUI. Based upon Officer Keller's training and numerous years on the police force, it was reasonable for him to believe that Kerstetter was an immediate clear and present danger to persons on the road. Thus, the stop was proper. **See Lehman**, **supra** (on-duty officer had authority under MPJA to detain defendant outside of jurisdiction, until other local officers arrived, in response to citizen report; detention developed into probable cause to believe offense had been committed and out-of-jurisdiction activities were limited to maintaining status quo and detention of defendant); **see also Stein v. DOT, Bureau of Driver Licensing**, 857 A.2d 719 (Pa. Commw. 2004) (DUI is misdemeanor that presents clear and present danger to persons or property under section 8953(a)(5)).

In his second issue, Kerstetter claims that if the evidence from the stop is suppressed, due to the stop's illegality, then there was insufficient

evidence to convict him of DUI. Having determined that Officer Keller was justified in stopping Kerstetter under the MPJA, the sufficiency issue is moot.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/25/2014