J-S15041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JUAN S. BORBON | |
| Appellant | No. 520 MDA 2014 |

Appeal from the Judgment of Sentence October 21, 2013
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0001530-2012

BEFORE:  LAZARUS, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED MARCH 11, 2015**

Appellant Juan S. Borbon appeals from the judgment of sentence entered in the Luzerne County Court of Common Pleas.  We affirm.

The trial court summarized the facts as follows:

> On the afternoon of February [9], 2012,[1] a group of teenagers and young adults, some of whom were students at G.A.R. high school, gathered in the vicinity of that school in Wilkes-Barre for a gang-type fight. Ostensibly, one group consisted of African-Americans while the other group was Latino.  At some point during the melee, [Appellant] struck the juvenile victim in this case in the wrist with a machete nearly severing it. The victim appeared to do no more than attempt to help a young male student - who was being stomped on by others - up from the ground.

---

[1] The trial court opinion states the incident occurred on February 12, 2012. The testimony and evidence, however, establish the incident occurred on February 9, 2012.

Opinion, 8/14/2014, at 1.

John Stahl, a school van bus driver, testified that he observed Appellant in the area shortly before the incident. N.T, 9/10/2013, at 32-34. He heard Appellant ask "[d]o you have it with you?" and heard the reply "[i]t's in the bag. We have to wait until the cops leave." *Id.* at 35. Mr. Stahl did not witness the fight, see any weapons, or know who replied to Appellant's question. *Id.* Ibrahim Sharif testified he saw the juvenile co-defendant, Y.A., at the scene. *Id.* at 135-36. Y.A. was carrying a grey book bag with a black machete handle protruding from it. *Id.* Sharif stated he saw Appellant grab the machete and swing it at a boy who was being "stomped on," and the victim put his hand in the way. *Id.* at 140-42.

Further, the victim stated Appellant struck the victim's left wrist with the machete when the victim reached his right hand down to assist an African American youth who was being beaten by three Latino youths. N.T., 9/10/2013, at 163-66. Y.A. also identified Appellant as the individual with the machete. N.T., 9/10/2013, at 52-54.

Appellant testified that he and Y.A. met days prior to the incident. At that time, Y.A. had a machete and informed Appellant that he was having "some problems with some people." N.T., 9/10/2013, at 228.

On September 11, 2013, a jury found Appellant guilty of aggravated assault (causes serious bodily injury to another intentionally, knowingly or

recklessly under circumstances manifesting extreme indifference to the value of human life),[2] simple assault (intentionally, knowingly or recklessly causes bodily injury to another),[3] aggravated assault (intentionally or knowingly causes bodily injury to another with a deadly weapon),[4] simple assault (negligently causes bodily injury to another with a deadly weapon),[5] criminal conspiracy (conspiring to commit aggravated assault, 18 Pa.C.S. § 2702(a)(1)),[6] recklessly endangering another person,[7] and criminal conspiracy (conspiring to commit aggravated assault, 18 § Pa.C.S. 2702(a)(4)).

On October 17, 2013, the Commonwealth filed a notice to seek the deadly weapon enhancement. On October 21, 2013, the trial court sentenced Appellant to an aggregate term of eight to sixteen years' imprisonment. On October 31, 2013, Appellant filed post-sentence motions, which were denied by operation of law on February 28, 2014. **See** Pa.R.Crim.P. 720(A)(3)(a) ("Except as provided in paragraph (B)(3)(b), the

---

[2] 18 Pa.C.S. § 2702(a)(1).

[3] 18 Pa.C.S. § 2701(a)(1).

[4] 18 Pa.C.S. § 2702(a)(4).

[5] 18 Pa.C.S. § 2701(A)(2).

[6] 18 Pa.C.S. § 903(a)(1).

[7] 18 Pa.C.S. § 2705.

judge shall decide the post-sentence motion, including any supplemental motion, within 120 days of the filing of the motion. If the judge fails to decide the motion within 120 days, or to grant an extension as provided in paragraph (B)(3)(b), the motion shall be deemed denied by operation of law."). On March 17, 2014, Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant raises the following issues on appeal:

1. Whether the evidence was insufficient to sustain the verdict as to the conspiracy charge, particularly in light of the fact that there was no clear evidence of a conspiracy or any agreement by [Appellant] with other parties?

2. Whether the verdict was against the weight of the evidence where [Appellant] produced alibi witnesses who credibly testified that he was not present at the location of this crime and that the result was therefore shocking to a sense of justice?

3. Whether the Court erred in instructing the jury as to flight, when there was no evidence that [Appellant] personally knew charges were pending or were likely to be filed when he left the area for New Jersey? [Appellant] contends that a flight instruction is only appropriate where the Commonwealth introduces evidence to show that [Appellant] personally knew or should have known that he was wanted by the police.

Appellant's Brief at 4-5. Although Appellant raised the above three issues in his 1925(b) statement and his statement of questions presented, his brief concedes that the verdict was not against the weight of the evidence and concedes trial counsel waived any challenge to the jury instruction because

he did not object. Appellant's Brief at 8, 12-15. Accordingly, the sole issue for our review is whether the Commonwealth presented sufficient evidence to support the conspiracy conviction.

We apply the following standard when reviewing a sufficiency of the evidence claim: "[W]hether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Lehman*, 820 A.2d 766, 772 (Pa.Super.2003), *affirmed*, 870 A.2d 818 (2005) (quoting *Commonwealth v. DiStefano*, 782 A.2d 574 (Pa.Super.2001)). When we apply this standard, "we may not weigh the evidence and substitute our judgment for the fact-finder." *Id.*

"[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." *Lehman*, 820 A.2d at 772. Moreover, "[a]ny doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Id.* "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Id.*

In applying the above test, we must evaluate the entire record and we must consider all evidence actually received. *DiStefano*, 782 A.2d at 582. Further, "the trier of fact while passing upon the credibility of witnesses and

the weight of the evidence produced, is free to believe all, part or none of the evidence." *Id.*

To establish criminal conspiracy, the Commonwealth must establish "(1) an intent to commit or aid in an unlawful act, (2) an agreement with a co-conspirator and (3) an overt act in furtherance of the conspiracy." *Commonwealth v. Thomas*, 65 A.2d 939, 944 (Pa.Super.2013) (quoting *Commonwealth v. Galindes*, 786 A.2d 1004, 1010 (Pa.Super.2001)). The Commonwealth may prove an agreement by circumstantial evidence. *Id.* (citing *Galindes*, 786 A.2d at 1010). Circumstantial evidence:

> [C]an include, but is not limited to, the relationship between the parties, the knowledge of and participation in the crime, and the circumstances and conduct of the parties surrounding the criminal episode. These factors may coalesce to establish a conspiratorial agreement beyond a reasonable doubt where one factor alone might fail.

*Id.* (internal citations and quotation marks omitted).

Sufficient evidence supported the jury verdict. Appellant testified he met with Y.A. only days before the assault and learned Y.A. had a machete and had problems with some individuals. On the day of the incident, Mr. Stahl heard Appellant inquire: "[d]o you have it with you?" and heard the reply: "It's in the bag. We have to wait until the cops leave." Mr Sharif saw Y.A. carrying a bag with a machete handle protruding from it and saw Appellant grab the machete, swing it toward the individual on the ground, and strike the victim. This evidence is sufficient to allow the jury to find

beyond a reasonable doubt that Appellant and Y.A. had an intent to commit or aid in an aggravated assault, had an agreement to commit an aggravated assault, and committed an overt act in furtherance of the aggravated assault.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/2015