J-S56020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARKEYSS V. GILBERT | |
| Appellant | No. 1874 MDA 2014 |

Appeal from the Judgment of Sentence April 29, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0002683-2013

BEFORE:  SHOGAN, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY JENKINS, J.:          **FILED OCTOBER 15, 2015**

Appellant Markeyss V. Gilbert appeals from the April 29, 2014 judgment of sentence entered in the York County Court of Common Pleas following his convictions for robbery, conspiracy to commit robbery, receiving stolen property, and firearms not to be carried without a license.[1] We affirm Appellant's convictions, but vacate his judgment of sentence and remand for resentencing.

On October 27, 2011, Sergeant Gregg Anderson of the Northern York County Regional Police Department responded to a report of an armed robbery at the Fulton Bank at 3183 Susquehanna Trail in York County.  N.T.,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3701(a)(1)(ii), 903, 3925(a), and 6106(a)(2), respectively.

3/11/2014, at 222. Upon investigation, Sergeant Anderson learned the vehicle used by the suspects to flee was a gold Dodge Stratus with a Maryland registration tag of 5AK6030. *Id.* at 224. Sergeant Anderson then learned that the suspect vehicle was towed. *Id.* at 225. The car's owner, Erik Clark, was placed into custody when he attempted to recover it. *Id.* at 229-31. The police found $1,291.00 in cash on Clark's person. *Id.* at 230-231, 235. Clark informed Sergeant Anderson that he was at his friend's apartment at 37 North West Street, 2nd Floor, Apt. 2 at the time of the robbery. *Id.* at 232-233.

After obtaining a search warrant for the vehicle, officers found an orange fluorescent bag, identical to the bag that appeared in surveillance video from the robbery. N.T., 3/11/14, pp. 242. When the police arrived at 37 North West Street, 2nd Floor, Apt. 2, they discovered the unit was vacant. *Id.* at 274. They subsequently learned Clark's friend lived in apartment 3. *Id.* at 276 -277. Sergeant Anderson was permitted inside of the apartment, where he noticed articles of clothing that were identical to the clothing worn by the individuals who robbed the bank. *Id.* at 276-279. The police were able to identify Demetrius Griffin based on the clothing found in the apartment and surveillance footage depicting a tattoo on a robber's neck. *Id.* at 284-85. The police questioned Griffin, who admitted to participating in the robbery. *Id.* at 292-93; N.T.T. 3/13/14, p. 362.

Appellant's co-conspirator, Griffin, testified at trial.[2] Griffin testified that Appellant was the initiator of the robbery scheme and participated in the robbery with Griffin and two others.[3] N.T., 3/13/2014, at 362. Griffin explained Appellant was the guard/lookout during the robbery and that Appellant had a gun. *Id.* at 366, 68. Griffin identified Appellant as the robber who pointed his gun at a woman on the surveillance footage. *Id.* at 374. He stated the robbers each received around $1,200.00 in cash and that Appellant took a bag containing clothes, a gun, and the money to Appellant's girlfriend, Melissa Cousler's, apartment. *Id.* at 368, 381.

A bank teller testified that the robbers took the money and then left. N.T., 3/11/2014, at 159. Another bank employee testified that a robber remained in the lobby and pointed a gun at the bank manager during the robbery. *Id.* at 168. Further, the bank manager confirmed that one of the robbers pointed a gun at her, and testified the robber who pointed the gun at her did not approach the teller line. *Id.* at 173-74. Ms. Cousler testified that Appellant arrived at her home with a clear blue plastic bag, which contained money and a gun. *Id.* at 186, 189.

_____

[2] Griffin "hope[d] for some consideration in exchange for [his] testimony." N.T., 3/13/2014, at 361. At the time of trial he was serving a thirty-year sentence in Maryland. *Id.* at 360-61.

[3] Griffin, Appellant, and two others attempted to rob the bank the previous day, but were unsuccessful. N.T., 3/13/2014, at 363.

Detective William Haller testified that, when shown the surveillance footage, Appellant identified his clothing on one of the robbers and noted it "was strange" that one of the robbers was wearing his clothing. N.T., 3/13/2014, at 413-14.

On March 13, 2014, a jury convicted Appellant of robbery, criminal conspiracy to commit robbery, and receiving stolen property. The trial court found Appellant guilty of firearms not to be carried without a license. On April 29, 2014, the trial court sentenced Appellant to an aggregate sentence of 5 to 10 years' imprisonment.[4] On August 22, 2014, Appellant filed a motion for *nunc pro tunc* post-sentence relief.[5] On October 17, 2014, the trial court denied the post-sentence motion, but reinstated Appellant's appeal rights. On November 5, 2014, Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant raises the following issues on appeal:

_____

[4] The trial court sentenced Appellant to 5 to 10 years' imprisonment for the robbery conviction, 5 to 10 years' imprisonment for the conspiracy to commit robbery conviction, 1 to 2 years' imprisonment for the receiving stolen property conviction, and 6 to 12 months' imprisonment for the firearms not to be carried without a license conviction. All sentences were to be served concurrently.

[5] Appellant's trial counsel was permitted to withdraw, and a delay occurred in the appointment of a non-conflicted attorney, which resulted in the late filing of a post-sentence motion. N.T., 10/17/2014, at 2-3.

I. Was it error for the trial court to conclude that the jury had evidence sufficient beyond a reasonable doubt to prove the Appellant guilty of the offenses of [c]riminal [c]onspiracy to [c]ommit [r]obbery, [r]obbery, and [r]eceiving [s]tolen [p]roperty?

II. Was it error for the trial court to find the Appellant guilty of the offense of [f]irearms [n]ot to be [c]arried without a [l]icense?

Appellant's Brief at 4.

In his combined issues, Appellant challenges the sufficiency of the evidence for his convictions. He claims that the Commonwealth failed to present enough evidence for the jury and the court to find him guilty beyond a reasonable doubt and concludes he is entitled to a new trial. We disagree.

We apply the following standard when reviewing sufficiency of the evidence claims: "[W]hether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." **Commonwealth v. Lehman**, 820 A.2d 766, 772 (Pa.Super.2003), *affirmed*, 870 A.2d 818 (Pa.2005) (quoting **Commonwealth v. DiStefano**, 782 A.2d 574 (Pa.Super.2001)). When we apply this standard, "we may not weigh the evidence and substitute our judgment for the fact-finder." **Id.**

"[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." **Lehman**, 820 A.2d at 772. Moreover, "[a]ny doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a

matter of law no probability of fact may be drawn from the combined circumstances." *Id.* "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Id.*

In applying the above test, we must evaluate the entire record and we must consider all evidence actually received. *DiStefano*, 782 A.2d at 582. Further, "the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." *Id.*

To establish criminal conspiracy, the Commonwealth must establish "(1) an intent to commit or aid in an unlawful act, (2) an agreement with a co-conspirator and (3) an overt act in furtherance of the conspiracy." *Commonwealth v. Thomas*, 65 A.3d 939, 944 (Pa.Super.2013) (quoting *Commonwealth v. Galindes*, 786 A.2d 1004, 1010 (Pa.Super.2001)). The Commonwealth may prove an agreement by circumstantial evidence. *Id.* (citing *Galindes*, 786 A.2d at 1010). Circumstantial evidence:

> [C]an include, but is not limited to, the relationship between the parties, the knowledge of and participation in the crime, and the circumstances and conduct of the parties surrounding the criminal episode. These factors may coalesce to establish a conspiratorial agreement beyond a reasonable doubt where one factor alone might fail.

*Id.* (internal citations and quotation marks omitted). Further, the defendant need not commit the overt act in furtherance of the conspiracy; the act may

- 6 -

be committed by a co-conspirator. ***Commonwealth v. Hennigan***, 753 A.2d 245, 253 (Pa.Super.2000).

Robbery is defined as:

> (1) A person is guilty of robbery if, in the course of committing a theft, he:
>
> > (ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;
>
> (2) An act shall be deemed "in the course of committing a theft" if it occurs in an attempt to commit theft or in flight after the attempt or commission.

18 Pa.C.S. § 3701(a). Further, "[s]erious bodily injury" is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301.

A person commits the offense of receiving stolen property "if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner." 18 Pa.C.S. § 3925(a).

A person is guilty of firearms not to be carried without a license if he "carries a firearm in any vehicle or . . . concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter . . . ." 18 Pa.C.S. § 6106(a)(1).

Here, viewing the evidence in the light most favorable to the Commonwealth, there was sufficient evidence for the fact-finder to find

beyond a reasonable doubt that Appellant committed the aforementioned crimes.

The evidence established that Appellant agreed to commit robbery, with an intent to do so, and committed an act in furtherance of the conspiracy. Griffin testified that Appellant participated in the robbery, acting as a lookout in the bank lobby and pointing a gun at a woman. Griffin also stated that Appellant took a bag, with clothes, money and a gun, to Ms. Cousler's apartment. Ms. Cousler testified that Appellant arrived at her home with a bag containing money and a gun. Further, the bank manager testified the man in the lobby pointed a gun at her, which another bank employee confirmed.

The Commonwealth presented evidence proving all elements of robbery and receiving stolen property. The testimony established that, in the course of participating in a robbery, Appellant pointed a gun at the bank manager. *See Commonwealth v. Hopkins*, 747 A.2d 910, 914-15 (Pa.Super.2000) (factfinder entitled to infer victim was in mortal fear when defendant brandished firearm). The testimony also established Appellant received $1,200.00 that he knew was stolen during the robbery of the bank and that he had no intent of restoring it to the owner. *See* 18 Pa.C.S. § 3925(a).

The evidence also was sufficient to establish Appellant carried a firearm without a license. Appellant stipulated that he did not have a license to carry a firearm. There was testimony that Appellant pointed a gun at the

bank manager, entered a car with the firearm, and brought a bag into Cousler's apartment that contained money and a gun.

Appellant maintains the evidence was insufficient because there was inconsistent testimony regarding which robber wore a red bandana during the robbery.[6]  Minor inconsistencies in the testimony, however, do not warrant relief. ***See, e.g., Commonwealth v. Stokes***, 78 A.3d 644, 651 (Pa.Super.2013) (minor inconsistencies in testimony are for jury to resolve). Further, Appellant appears to contend the evidence was insufficient because Griffin testified in exchange for consideration at sentencing and, when questioning Ms. Cousler, the police informed her they could charge her in connection with the robbery and could contact Children and Youth Services regarding her children.  Appellant's Brief at 17.  However, such testimony goes to the weight, not the sufficiency of the evidence. ***Commonwealth v. Palo***, 24 A.3d 1050, 1055 (Pa.Super.2011) (argument that Commonwealth's case rested on testimony of disgruntled former girlfriend challenged the weight of evidence, not sufficiency of evidence).  The jury was free to believe Griffin's and Cousler's testimony. ***Commonwealth v. Mosley***, 114

---

[6] The bank teller testified that she thought the robber who came up to her to demand the money wore a red bandana. N.T., 3/11/2014.  Further, a friend of co-conspirator Erik Clark testified that Clark told her he used a red bandana to cover his face and showed her the bandana. ***Id.*** at 252.  Griffin, however, testified Appellant wore a red bandana and was the lookout in the lobby.  N.T., 3/13/2014, at 364, 366.  Griffin said he did not know what Clark wore to cover his face. ***Id.***

A.3d 1072, 1087 (Pa.Super.2015) (determining credibility is "function that is solely within the province of the finder of fact which is free to believe all, part of none of the evidence").

Accordingly, the evidence was sufficient to establish the crimes for which Appellant was convicted.

We now consider the legality of Appellant's mandatory minimum sentence under 42 Pa.C.S. § 9712.[7] Although Appellant did not raise any issue related to the legality of his sentence on appeal, we note that

_____

[7] Appellant challenged the constitutionality of the imposition of the mandatory minimum sentence at his sentencing hearing. N.T., 4/29/2014, at 2. The trial court noted it did not like imposing mandatory minimum sentences, but it was required to do so. *Id.* The trial court further stated:

> Having said what I did about the mandatory minimums, I'll say [in] this case I think the sentence that is required as the mandatory minimum is not excessive and is not inappropriate. And I believe the [c]ourt would have been looking to sentence in that range or near that range anyway.

*Id.* at 3. Further the court stated:

> [W]e note that the Commonwealth is invoking the mandatory minimum. The Court actually believes that the sentence on count 2, the robbery, that is an appropriate sentence and we will impose the sentence of 5 to 10 years in a state correctional institution on count 2.

*Id.* at 4. Although the trial stated it would have sentenced "in that range or near that range" without the imposition of a mandatory minimum and that it believed the sentence was appropriate, the trial court may have chosen a different sentence if the mandatory minimum sentence had not been invoked.

- 10 -

questions regarding the legality of a sentence "are not waivable and may be raised *sua sponte* by this Court." **Commonwealth v. Watley**, 81 A.3d 108, 118 (Pa.Super.2013) (*en banc*), *appeal denied*, 95 A.3d 277 (Pa.2014). Further, we note that issues regarding the Supreme Court of the United States' decision in **Alleyne v. United States**, __ U.S. __, 133 S.Ct 2151, 186 L.Ed 2d 341 (2013), directly implicate the legality of the sentence. **Commonwealth v. Wolfe**, 106 A.3d 800, 801 (Pa.Super.2014).

Our standard of review of questions involving the legality of a sentence is as follows:

> A challenge to the legality of a sentence…may be entertained as long as the reviewing court has jurisdiction. It is also well-established that if no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. Issues relating to the legality of a sentence are questions of law. Our standard of review over such questions is *de novo* and our scope of review is plenary.

**Wolfe**, 106 A.3d at 801-02 (citations omitted).

In this case, Appellant was sentenced under the following statute:

> **§ 9712. Sentences for offenses committed with firearms**
>
> **(a) Mandatory sentence.**--Except as provided under section 9716 (relating to two or more mandatory minimum sentences applicable), any person who is convicted in any court of this Commonwealth of a crime of violence as defined in section 9714(g) (relating to sentences for second and subsequent offenses), shall, if the person visibly possessed a firearm or a replica of a firearm, whether or not the firearm or replica was loaded or functional, that placed the victim in reasonable fear of death or serious bodily injury, during the commission of

the offense, be sentenced to a minimum sentence of at least five years of total confinement notwithstanding any other provision of this title or other statute to the contrary. Such persons shall not be eligible for parole, probation, work release or furlough.

**(b) Proof at sentencing.**--Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

42 Pa.C.S. § 9718.

In **Alleyne**, the Supreme Court of the United States held that the Due Process Clause of the Constitution of the United States requires each factor that increases a mandatory minimum sentence to be submitted to a jury and found beyond a reasonable doubt. **Alleyne,** 133 S.Ct. at 2163. This Court has found 42 Pa.C.S. § 9712, which permits the trial court to find facts sufficient to impose the mandatory minimum by a preponderance of the evidence, unconstitutional pursuant to **Alleyne**. **Commonwealth v. Valentine**, 101 A.3d 801, 808-12 (Pa.Super.2014); **see also Commonwealth v. Hopkins**, 117 A.3d 262, (Pa.2015) (18 Pa.C.S. § 6317, which requires imposition of mandatory minimum sentence if certain controlled substance crimes occur within 1,000 feet of, inter alia, a school, held unconstitutional; statute was inconsistent with **Alleyne** because it

- 12 -

required sentencing court to impose mandatory minimum sentence based on facts which were not submitted to jury and not found beyond reasonable doubt).

Accordingly, because the trial court sentenced Appellant under section 9712, we must vacate Appellant's judgment of sentence and remand for resentencing without application of section 9712.

Convictions affirmed.  Judgment of sentence vacated; case remanded for resentencing.  Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/15/2015</u>