J-S30039-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM H. BIRK | |
| Appellant | No. 3510 EDA 2014 |

Appeal from the Judgment of Sentence October 29, 2014
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-SA-0000242-2014

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED JUNE 04, 2015**

Appellant William H. Birk appeals *pro se* from the judgment of sentence entered in the Northampton County Court of Common Pleas following his bench trial conviction for driving while operating privilege is suspended or revoked.[1]  We affirm.

On June 18, 2014, Appellant received citations for driving while operating privilege is suspended or revoked and for violating a local ordinance regulating the licensing of waste collectors.  Opinion, 1/21/2015, at 1; Docket, No. MJ-03201-NT-0000163-2014.  On August 14, 2014, Magisterial District Judge Roy A. Manwaring II found Appellant guilty of driving while operating privilege was suspended and imposed a fine and

_____

[1] 75 Pa.C.S. § 1543(a).

costs. Opinion, 1/21/2015, at 1. On August 20, 2014, Judge Manwaring found Appellant not guilty of violating the local ordinance regulating the licensing of waste collectors. Docket No. MJ-03201-NT-0000163-2014. Appellant filed a summary appeal of the conviction for driving while operating privilege was suspended to the Court of Common Pleas. Opinion, 1/21/2015, at 1; Docket No. CP-48-SA-0000242-2014. On October 29, 2014, the trial court found Appellant guilty of driving while operating privilege was suspended and imposed $302.50 in fines and costs. Order, 10/29/2014.

On November 25, 2014, Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant raises the following nineteen issues on appeal:

> 1. Judge Giordano's denial of Motion to Recuse despite unanswered violation of Pennsylvania Crimes Code in the certified record - Disagreed.
>
> 2. Credibility of Officer [Dominick] Fragano's hearsay testimony - Agreed.
>
> 3. Court leading Officer Fragano's testimony - Agreed.
>
> 4. Court acceptance of Officer Fragano's conflicting false testimony - Agreed.
>
> 5. Court acceptance of the Abuse of Police Power regarding the illegal search and seizure in violation of the Fourth Amendment - Not Addressed.
>
> 6. Violation of the "Fruit of the Poisonous Tree" doctrine - Not Addressed.

7. Court acceptance of testimony by Officer Fragano that he issued a fraudulent citation for trash collection - Not Addressed.

8. Court acceptance of Attorney [William] Matz's false testimony about a fraudulent citation for trash collection - Not Addressed.

9. Court denial of entry of proof of license - Not Addressed.

10. Court failure to recognize violation of 72 hour requirement for release of alleged evidence - Disagreed.

11. Court acceptance of false description of the Alley location - Not Addressed.

12. Court failure to rule on legality of driving on a narrow, limited access right of way alley - Not Addressed.

13. Court allowance of entry of false and irrelevant testimony - Not Addressed.

14. Court failure to identify the time of the alleged offense - Not Addressed.

15. Court complaint of unfairness when Officer Fragano's credibility is questioned - Not Addressed.

16. Penn Dot failure to confirm suspension after inquiry - Disagreed.

17. Court acceptance of unsworn hearsay testimony about alleged evidence - Not Addressed.

18. Court acceptance of testimony that the vehicle was unoccupied at the time a moving violation citation was issued - Not Addressed.

19. Court's closing statement provides unquestionable proof of Court bias - Disagreed.

Appellant's Brief at 4-5 (verbatim).

Appellant groups the questions presented into the following six categories: (1) recusal; (2) Pennsylvania Department of Transportation "PennDOT"); (3) 75 Pa.C.S. § 1543(a) (driving while operating privilege is

suspended or revoked); (4) fraudulent citations; (5) credibility of Officer Dominick Fragano; and (6) credibility of Assistant District Attorney ("ADA") William Matz.[2]

Appellant's first category, recusal, includes issue 1 ("Judge Giordano's denial of [m]otion to [r]ecuse despite unanswered violation of Pennsylvania [c]rimes [c]ode in the certified record"),[3] and issue 19 ("[c]ourt's closing statement provides unquestionable proof of Court bias"). In these issues, Appellant argues the trial judge was biased and his failure to recuse himself resulted in an unfair trial. We disagree.

We presume "judges of this Commonwealth are 'honorable, fair and competent,' and when confronted with a recusal demand, have the ability to determine whether they can rule impartially and without prejudice." *Commonwealth v. Kearney*, 92 A.3d 51, 60 (Pa.Super.2014) (quoting *Commonwealth v. Druce*, 848 A.2d 104, 108 (Pa.2004)). "A motion for recusal is initially directed to and decided by the jurist whose impartiality is being challenged." *Id.* (quoting *Commonwealth v. Abu-Jamal*, 720 A.2d 79, 89 (Pa.1998)). The trial judge:

_____

[2] Appellant's categories have been re-ordered for ease of discussion.

[3] The certified record does not contain a written motion for recusal. Prior to trial, Appellant stated: "I have been here before. I have been with you to the Supreme Court. I think maybe you ought to recuse yourself from this." N.T., 10/29/2014, at 3. The trial court denied this motion. *Id.* at 4 ("Your motion to recuse me as a Judge is hereby denied.").

[M]ust first make a conscientious determination of his or her ability to assess the case in an impartial manner, free of personal bias or interest in the outcome. The jurist must then consider whether his or her continued involvement in the case creates an appearance of impropriety and/or would tend to undermine public confidence in the judiciary.

*Id.* (quoting **Abu-Jamal**, 720 A.2d at 89).

A party seeking a trial judge's recusal "bears the burden of producing evidence establishing bias, prejudice, or unfairness necessitating recusal." *Id.* (quoting **Druce**, 848 A.2d at 108). We will not disturb a trial court's decision to deny a motion for recusal absent an abuse of discretion. *Id.*

The trial court denied Appellant's motion for recusal. The trial court noted it presided over a prior matter with Appellant and when it "became aware of its history with Appellant, [it] made a clear statement reflecting that there were no bad feelings or animosity toward [Appellant] in regard to any prior interactions with [Appellant] in [the] unrelated past case." Opinion, 1/21/2015, at 3.[4] The trial court noted it proceeded in a fair and

_____

[4] Before the trial, the following exchange occurred:

> [THE COURT]: Do we know each other? Have we met before?
>
> [APPELLANT]: I have been here before. I have been with you to the Supreme Court. I think maybe you ought to recuse yourself from this.
>
> [THE COURT]: You mean the garbage case?
>
> [APPELLANT]: Yeah.

*(Footnote Continued Next Page)*

- 5 -

impartial manner. *Id.* at 3-4. The court further noted the statement Appellant relied on to support his claim of bias, i.e., the court found "no great joy in having [Appellant] in front of [the court] once again," came after the trial proceedings and before disposition and "suggests unhappiness with [Appellant] being in trouble, as opposed to harboring any negative connotations toward Appellant personally." *Id.* at 4; N.T., 10/29/2014, at

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯

> [THE COURT]: Okay. I won that case in the Supreme Court, by the way.
>
> [APPELLANT]: Excuse me?
>
> [THE COURT]: I said I won that case in the Supreme Court. I have no bad feelings about it.
>
> [APPELLANT]: Well, you say you won it but there is still a petition into this Court about that case.
>
> [THE COURT]: Okay.
>
> [APPELLANT]: There is [sic] two petitions.
>
> [THE COURT]: Does that case have anything to do with this case? I have no animosity towards you, Mr. Birk. I thought I bent over backwards to accommodate you. I'm not going to recuse myself in this case.
>
> You understand what I said?
>
> [APPELLANT]: Yeah.
>
> [THE COURT]: Your motion to recuse me as a judge is hereby denied. I thought my handling of that case was very fair and I gave you every opportunity in the world to come into compliance with the township's order.

N.T., 10/29/2014, at 3-4.

25. The trial court further noted that in the present case, it provided Appellant "with every opportunity to fairly argue his case and even demonstrated respect for Appellant presenting his case *pro se*, by assisting him when it was evident he did not know how to properly proceed with his arguments," and inquiring as to the possibility of decreasing Appellant's fine.[5] ***Id.***

The trial court did not abuse its discretion when it found it could assess Appellant's case in an impartial manner, free of personal bias or interest in the outcome. Further, the trial transcript establishes the trial court acted in an unbiased and impartial manner. Issues 1 and 19 lack merit.

In his next category of issues, which includes issue 9 (court denial of entry of proof of license) and issue 16 (PennDOT failure to confirm suspension after inquiry), Appellant challenges the notice he received from PennDOT. Appellant references numerous letters he received from PennDOT from November 15, 2013 through February 12, 2015. Appellant's Brief at 12-14.[6] He maintains the letters initially required a medical and vision

---

[5] An individual convicted of driving while operating privilege is suspended is subject to a mandatory $200.00 fine. 75 Pa.C.S. § 1543(a) ("Except as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.").

[6] Appellant did not attach the letters to the brief and they are not contained in the certified record. He attached a copy of his driver's license to his
*(Footnote Continued Next Page)*

examination, which he complied with, and the driver's skill test requirement contained in subsequent letters has "never been explained or justified." Appellant's Brief at 14.

We regard this category as a challenge to the sufficiency of the evidence. We apply the following standard when reviewing a sufficiency of the evidence claim: "[W]hether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Lehman*, 820 A.2d 766, 772 (Pa.Super.2003), *affirmed*, 582 Pa. 200, 870 A.2d 818 (2005) (quoting *Commonwealth v. DiStefano*, 782 A.2d 574 (Pa.Super.2001)). When we apply this standard, "we may not weigh the evidence and substitute our judgment for the fact-finder." *Id.*

"[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." *Lehman*, 820 A.2d at 772 (quoting *DiStefano*, 782 A.2d at 582). Moreover, "[a]ny doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Id.* "The Commonwealth may sustain its burden of proving every element of the

_____
*(Footnote Continued)*

appellate brief and a copy of a March 2015 letter to his appellate reply brief. Appellant's Brief at Exh. C; Appellant's Reply Brief at Exh. 1.

crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Id.* (quoting *Commonwealth v. Hennigan*, 753 A.2d 245, 253 (Pa.Super.2000)).

In applying the above test, we must evaluate the entire record and we must consider all evidence actually received. *DiStefano*, 782 A.2d at 582 (quoting *Hennigan*, 753 A.2d at 253). Further, "the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." *Id.*

The Motor Vehicle Code provides:

> **(a)** **Offense defined.--**Except as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.

75 Pa.C.S. § 1543. The Commonwealth must also establish the defendant had "actual notice" of the license suspension. *Commonwealth v. Baer*, 682 A.2d 802, 805 (Pa.Super.1996).

Officer Fragano testified that he observed Appellant operating a motor vehicle on a public roadway maintained by the Borough of Hellertown. N.T., 10/29/2014, at 5, 7, 11, 13. In addition, the Commonwealth entered Appellant's certified driving record into evidence at trial. *See* Commonwealth Exh. 1. This record established that PennDOT mailed notice of the license suspension to Appellant on April 30, 2014, and that Appellant's license would

be suspended as of June 4, 2014. *Id.* Appellant admitted at the trial that he received notice of his license suspension. N.T., 10/29/14, at 19-20.[7] Appellant offered no evidence his license was not suspended on June 18, 2014, the date of the citation. *Id.* at 20-21.[8] The evidence presented by the Commonwealth established Appellant was driving a motor vehicle with a suspended license on June 18, 2014 and received actual notice of the suspension.

In his next category of issues, Appellant argues he did not violate 75 Pa.C.S. § 1543(a) because he was not on a "highway" or "trafficway" and because Officer Fragano could not have observed Appellant from his alleged vantage point.[9] Appellant's Brief at 14. This category includes issue 11

_____

[7] Appellant testified that he received notice, which informed him he had to complete certain requirements. N.T., 10/29/2014, at 19-20. He attempted to contact PennDOT, both by telephone and letter. *Id*. He did not have a letter informing him his license was no longer suspended. *Id.* at 20-21.

[8] Appellant submits a copy of his driver's license, which was issued on December 30, 2013, with an expiration date of June 4, 2015. Appellant's Brief at Exh. C. It does not appear the copy of the license was admitted at trial and, therefore, it is not a part of the certified record and we cannot review it. Further, it establishes only that when Appellant was issued a license in 2013 it was to expire on June 4, 2015. It does not establish his license was not suspended on June 18, 2014. Appellant also relies on a March 26, 2015 letter recalling his driving privilege, arguing his license was not suspended until he received this letter, and does not discuss suspension. Appellant's Reply Brief at 8. This letter, however, recalls his license. Appellant's Reply Brief at 8, Exh. 1. His license was suspended effective June 4, 2014, after he received notice sent on April 30, 2014.

[9] Although the argument section of Appellant's brief does not contain argument regarding whether Officer Fragano had an opportunity to witness

*(Footnote Continued Next Page)*

("[c]ourt acceptance of false description of the alley location"), issue 12 ("[c]ourt failure to rule on legality of driving on a narrow, limited access right of way alley"), and issue 18 ("[c]ourt acceptance of testimony that the vehicle was unoccupied at the time a moving violation citation was issued").

As discussed above, the Motor Vehicle Code prohibits an individual from driving on a "highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored."  75 Pa.C.S. § 1543(a).  The Motor Vehicle Code contains the following definitions:

> **"Alley."** A street or highway intended to provide access to the rear or side of lots or buildings in urban districts and not intended for the purpose of through vehicular traffic.
>
> . . .
>
> **"Highway."** The entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel. The term includes a roadway open to the use of the public for vehicular travel on grounds of a college or university or public or private school or public or historical park.
>
> . . .
>
> **"Motor vehicle."** A vehicle which is self-propelled except an electric personal assistive mobility device or a vehicle which is propelled solely by human power.

_(Footnote Continued)_ ───────────────

Appellant operate the vehicle, he raises it in his questions presented and in his reply brief, and Appellant claimed during trial that Officer Fragano could not have observed him drive due to the layout of the alley.  N.T., 10/29/2014, at 14-17, 22; Appellant's Reply Brief at 6-7.

- 11 -

. . .

> **"Private road or driveway."** A way or place in private ownership and used for vehicular travel by the owner and those having express or implied permission from the owner, but not by other persons.

> . . .

> **"Suspend."** To withdraw temporarily by formal action of the department any license, registration or privilege issued or granted by the department. Following a period of suspension, the department shall restore the license, registration or privilege.

> . . .

> **"Trafficway."** The entire width between property lines or other boundary lines of every way or place of which any part is open to the public for purposes of vehicular travel as a matter of right or custom.

> . . .

> **"Urban district."** The territory contiguous to and including any street which is built up with structures devoted to business, industry or dwelling houses situated at intervals of less than 100 feet for a distance of a quarter of a mile or more.

75 Pa.C.S. § 102.

Officer Fragano testified that Appellant operated a motor vehicle on a public roadway maintained by the Borough of Hellertown while Appellant's license was suspended. N.T., 10/29/2014, at 5, 7, 11, 13. There was no evidence the road was an "alley" or a "private road", as there was no evidence it was in an urban district or that it was not intended for through motor vehicle traffic. *Cf. Commonwealth v. Baughman*, 516 A.2d 390, 390-91 (Pa.Super.1986) (finding dirt track, which was on private property and dead-ended, was a "trafficway" where there were no signs or barriers

- 12 -

prohibiting access, people occasionally drove their cars on the road, and it was "open to the public," as it was "customarily used by at least certain members of the public, and it was used for vehicular traffic"). Further, Officer Fragano testified he observed Appellant operate the vehicle on the road, which the Borough maintained, and the trial court was free to credit this testimony. N.T., 10/29/2014, at 7, 11, 13, 15, 18. Issues 11, 12, and 18 lack merit.

Appellant's next category of issues, fraudulent citations, includes issue 5 ("[c]ourt acceptance of the [a]buse of [p]olice [p]ower regarding the illegal search and seizure in violation of the Fourth Amendment"), issue 6 ("[v]iolation of the fruit of the poisonous tree doctrine"), and issue 7[10] ("[c]ourt acceptance of testimony by Officer Fragano that he issued a fraudulent citation for trash collection"). On June 18, 2014, Appellant received two citations: a citation for violating the local licensing of waste collectors ordinance and a citation for driving while operating privilege was suspended. The magisterial court dismissed the citation for violation of the local licensing of waste collectors ordinance. Appellant maintains, because the local ordinance citation was dismissed, he could not be prosecuted for driving while operating privilege was suspended, which was a secondary

_____

[10] Issue 7 challenges Officer Fragano's testimony and claims the citation for violation of the local licensing of waste collectors ordinance was fraudulent. Pages 14-16, *infra*, discuss Appellant's claims regarding Officer Fragano.

citation. Appellant's Reply Brief at 6. Appellant further argues that, because the citation was "fraudulent," the ensuing search and seizure violated the Fourth Amendment and constituted the "fruit of the poisonous tree."[11] Appellant's Brief at 11. We disagree.

Although the magisterial court found Appellant did not violate the local licensing of waste collectors ordinance, it, and the Court of Common Pleas, were free to find the Commonwealth presented sufficient evidence that Appellant drove while his operating privilege was suspended where the Commonwealth presented evidence Appellant was driving his vehicle on a trafficway after he received notice his license was suspended. *See* 75 Pa.C.S. § 1543(a); *see also supra* pp. 8-10 (Commonwealth presented sufficient evidence to sustain the operating a vehicle while license suspended conviction).

_____

[11] Although it was unclear from his initial brief what search and seizure he referred to, Appellant's reply brief clarified that he believes Officer Fragano ordered a search of Appellant's Wife's truck and that, after this search, Appellant's driver's license was seized and confiscated and his Wife's truck was impounded. Appellant's Reply Brief at 6. Officer Fragano testified he requested Appellant's license, which Appellant produced, and testified the truck was impounded. N.T., 10/29/2014, at 8. When a vehicle is impounded, the police department conducts an inventory search, which likely occurred here. *Commonwealth v. Henley*, 909 A.2d 352, 359 (Pa.Super.2006) ("An inventory search of an automobile is permitted where: (1) the police have lawfully impounded the automobile; and (2) the police have acted in accordance with a reasonable, standard policy of routinely securing and inventorying the contents of the impounded vehicle."). There is no evidence the impoundment, or any inventory search that followed, was improper.

Appellant's next category of issues challenges the credibility of Officer Fragano. This category includes issue 2 ("[c]redibility of Officer Fragano's hearsay testimony"), issue 3 ("[c]ourt leading Officer Fragano's testimony"), issue 4 ("[c]ourt acceptance of Officer Fragano's conflicting false testimony"), issue 7 ("[c]ourt acceptance of testimony by Officer Fragano that he issued a fraudulent citation for trash collection"),[12] and issue 15 ("[c]ourt complaint of unfairness when Officer Fragano's credibility is questioned"). Appellant claims Officer Fragano's testimony is false. Appellant's Brief at 11. Appellant reasons Officer Fragano could not have observed the account he testified to from the "narrow, limited access, right of way alley." *Id.* Appellant also claims Officer Fragano lacks knowledge of the Motor Vehicle Code, which, Appellant maintains, only prohibits unlicensed driving on a "highway or traffic way," not the "narrow, limited access[,] right of way alley." *Id.* Appellant also states Officer Fragano's testimony is questionable because the other citation issued by the officer was dismissed and private complaints have been filed against him. *Id.* at 12.

"[I]t is for the fact-finder to make credibility determinations, and the finder of fact may believe all, part, or none of a witness's testimony."

_____

[12] Issue 7 challenges Officer Fragano's testimony and claims the citation for violation of the local licensing of waste collectors ordinance was fraudulent. Pages 13-14, *supra*, discuss Appellant's claim the citation was fraudulent.

*Commonwealth v. Thompson*, 934 A.2d 1281, 1285 (Pa.Super.2007) (citing *Commonwealth v. Goins*, 867 A.2d 526, 528 (Pa.Super.2004)). This Court "defer[s] to the trial court's findings of fact, because it is the fact-finder's sole prerogative to pass on the credibility of the witnesses and the weight to be given to their testimony." *Commonwealth v. Whitlock*, 69 A.3d 635, 637 (Pa.Super.2013) (citing *Commonwealth v. Baker*, 946 A.2d 691, 693 (Pa.Super.2008)).

The trial court noted Appellant had an opportunity to cross-examine Officer Fragano, but offered no evidence to challenge Officer Fragano's testimony regarding the events of June 18, 2014. Opinion, 1/21/2015, at 6-7. Further, Officer Fragano testified he observed Appellant operate the vehicle, requested that Appellant produce his license, and discovered the license was suspended. N.T., 10/29/2014, at 6-8. The trial court found Officer Fragano's testimony credible, and we will defer to this determination. Opinion, 1/21/2015, at 7; *Whitlock*, 69 A.3d at 637. Appellant's claims regarding Officer Fragano lack merit.

Appellant's last category challenges statements made by ADA Matz, which is issue 8 ("[c]ourt acceptance of [ADA] Matz's false testimony about a fraudulent citation for trash collection"). Appellant maintains ADA Matz "falsely testified" that the citation for violation of the local licensing of waste collectors ordinance was not appealed and he remained silent when Officer Fragano gave false testimony about the violation of the Motor Vehicle Code, again arguing that he was not operating his vehicle on a highway or

- 16 -

trafficway.  Appellant's Brief at 12.  The Pennsylvania Rules of Professional Conduct state:

> (a) A lawyer shall not knowingly:
>
> (1) make a false statement of material fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer; [or]
>
>  . . .
>
> (3) offer evidence that the lawyer knows to be false. If a lawyer, the lawyer's client, or a witness called by the lawyer, has offered material evidence before a tribunal or in an ancillary proceeding conducted pursuant to a tribunal's adjudicative authority, such as a deposition, and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal. A lawyer may refuse to offer evidence, other than the testimony of a defendant in a criminal matter, that the lawyer reasonably believes is false.

Pa.R.Prof.Conduct 3.3.  Appellant presents no evidence ADA Matz presented false testimony.

Officer Fragano issued two citations on June 18, 2014: a driving while operating privilege is suspended citation and a violation of a local licensing of waste collectors ordinance citation.  District Judge Manwaring found Appellant not guilty of violating the licensing of waste collectors ordinance, and no appeal was taken.  Opinion, 1/21/2015, at 9; **accord** Docket, No. MJ-03201-NT-0000163-2014.  At trial, the following exchange occurred:

> [OFFICER FRAGANO]: . . .  At that point in time I told Mr. Birk he needed to call for a ride.  I did issue a citation to him for driving under suspension and for Borough Ordinance at this point for the trash.  And it ended up towing his vehicle and putting it in impound.

[THE COURT]: He didn't appeal the Borough Ordinance, did he?

[ATTORNEY MATZ]: No.

[THE COURT]: Mr. Matz, the only thing before me is the driving while suspended?

[MR. MATZ]: That's correct. That is the only nature of the appeal form that was filed.

N.T., 10/29/2014, at 8-9.

ADA Matz accurately described the procedural history of the citations. The trial court found ADA Matz's representations were "proper and in accordance with applicable rules of professional responsibility." Opinion, 1/21/2015, at 9. Further, as discussed above, Officer Fragano did not present false testimony regarding the applicability of the driving while operating privilege suspended statute.[13] Therefore, ADA Matz did not commit any violation in remaining silent during this testimony. Issue 8 lacks merit.

Four of Appellant's claims are not easily classified, including issue 10 ("[c]ourt failure to recognize violation of 72 hour requirement for release of alleged evidence"); issue 13 ("[c]ourt allowance of entry of false and irrelevant testimony"); issue 14 ("[c]ourt failure to identify the time of the alleged offense"); and issue 17 ("[c]ourt acceptance of unsworn hearsay

---

[13] Moreover, although Officer Fragano presented his version of events and stated they were on a public road, it was for the fact-finder to determine whether the road was a public road or an alley or private driveway, as Appellant alleged. N.T., 10/29/2014, at 12-14. As evidenced by the verdict, the trial court, as fact-finder, found it was a trafficway.

testimony about alleged evidence"). To the extent these issues raise claims not discussed above, they are waived. The claims are undeveloped and we are unable to discern Appellant's arguments on appeal. ***Commonwealth v. Snyder***, 870 A.2d 336, 342 (Pa.Super.2005) (undeveloped claims waived); ***Commonwealth v. Spotz***, 18 A.3d 244 (Pa.2011) (claim unreviewable and waived for lack of development where appellant did not develop the claim factually or legally, did not support it with citations, and the court could not discern what error allegedly occurred). Accordingly, we will affirm the judgment of sentence.

Judgment of sentence affirmed.[14]

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/4/2015

---

[14] Appellant's motion to dismiss all charges, motion to dismiss fraudulent charges, and two motions to order a retrial are denied.