J-S30033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CURTIS GREENE | |
| Appellant | No. 991 EDA 2014 |

Appeal from the Judgment of Sentence November 15, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007001-2012

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED APRIL 15, 2016**

Appellant Curtis Greene appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following his guilty plea to persons not to possess firearms, firearms not to be carried without a license, carrying firearms on public streets in Philadelphia, possession of an instrument of crime, simple assault, and recklessly endangering another person  ("REAP"),[1] and his bench trial convictions for aggravated assault, endangering the welfare of a child ("EWOC"), terroristic threats, tampering with or fabricating physical evidence, and resisting arrest.[2]  We affirm.

_____

[1] 18 Pa.C.S. §§ 6105(a)(1), 6106(a)(1), 6108, 907(a), 2701(a), and 2705.

[2] 18 Pa.C.S. §§ 2702(a), 4304(a)(1), 2706(a)(1), 4910(1), and 5104.

The trial court set forth the relevant factual history as follows:

> This was a domestic dispute between [Appellant] and Vashti Thomas ("Thomas") that escalated into a shooting. During the trial, the Commonwealth presented testimony from the complaining witness, Thomas, as well as from [police officer] Charlton, Sergeant Green and Detective Slobodian[3] from the Philadelphia Police Department.
>
> Thomas and [Appellant] were living at 216 South 53rd Street in Philadelphia, [Appellant's] father's house. Notes of Testimony ("N.T."), Aug. 16, 2013 at 23. On March 11, 2012, [Officer] Charlton responded to a radio call and arrived on the scene. *Id.* at 61. [Officer] Charlton observed [Appellant] being pushed out of the home. *Id.* [Officer] Charlton and his partner, [Officer] John Sweeney exited their vehicle and approached [Appellant], who was kicking the front door. *Id.* at 62-63. When the officers asked what the problem was, [Appellant] said, "everything is fine, me and my girlfriend are just having a fight." *Id.* at 62. Thomas opened the door and said: "This mother fucker just shot me[,"] indicating [Appellant]. *Id.* [Appellant] attempted to leave and was handcuffed. *Id.* at 63. As the officers lifted [Appellant] he spat in Thomas' face and Thomas spat back. *Id.* When he was placed in the patrol car, [Appellant] tried to kick out the window. *Id.* at 65.
>
> The incident began [earlier in the] evening when [Appellant] and Thomas began arguing. *Id.* at 25. After several hours of fighting, [Appellant] went upstairs to go to sleep. *Id.* at 25, 40. [When he woke up], the argument resumed.[4] *Id.* at 25-26. [Appellant] threw something at Thomas and the two began to tussle. *Id.* at 27-28.

---

[3] Officer Charlton, Sergeant Green and Detective Slobodian did not provide their first names when they testified at trial. N.T., 8/16/2013, at 60, 70, 75.

[4] The trial court states Appellant fell asleep and the argument resumed the next morning. Opinion, 10/10/2014, at 3-4 ("1925(a) Opinion"). Although Appellant did fall asleep, he woke up, and the fight resumed, 30-40 minutes after he fell asleep. N.T., 8/16/2013, at 46.

Thomas grabbed a nearby bottle of bleach and poured it on [Appellant]. *Id.* at 28-29. [Appellant] started screaming for Thomas to leave. *Id*. at 29. To get away from [Appellant], Thomas went into the hallway on the second floor and [Appellant] followed. *Id.* at 30. Thomas heard a gunshot while she was running down the steps; [Appellant] had fired his gun down the steps in her direction. *Id.* at 31, 37, 49.

[Appellant] pursued Thomas downstairs and onto the porch, where he fired again, striking Thomas' right Achilles heel. *Id.* at 31-32, 37. She fell down onto the porch and [Appellant] followed her outside. *Id.* at 32. Thomas went back into the house, shut the door on [Appellant] and called the police. *Id.* at 33.

Thomas was treated at the University of Pennsylvania. *Id.* at 33 -35. She testified that doctors could not remove the bullet without amputating her foot, so the fragments remain in her Achilles heel permanently. *Id.* at 34, 38.

At trial, the Commonwealth introduced evidence of [Appellant's] prior interaction with Thomas. Thomas testified that on July 7, 2010, she and [Appellant] were at [Appellant's] father's house on South 53rd Street. *Id.* at 19. [Appellant] had gone through Thomas' phone to see who was texting her. *Id.* An argument ensued. *Id.* [Appellant] pulled out a shotgun, pointed it at Thomas and told her to leave. *Id.* Thomas grabbed her children, ran outside and waited for a ride, as [Appellant] continued to argue with her from the front porch. *Id.* at 19-22.

Opinion, 10/10/2014, at 3-4 ("1925(a) Opinion"). On August 19, 2012, following a bench trial, the trial court found Appellant guilty of aggravated assault, terroristic threats, tampering with evidence, resisting arrest, and EWOC. The trial court found Appellant not guilty of corrupting a minor.

On November 15, 2013, the trial court sentenced Appellant to 10 to 20 years' imprisonment for the aggravated assault conviction and concurrent terms of 5 to 10 years' imprisonment for the persons not to possess a

firearm conviction, 2 ½ to 5 years' imprisonment for the firearms not to be carried without a license conviction, 2 ½ to 5 years' imprisonment for the EWOC conviction, 1 to 2 years' imprisonment for the carrying a firearm on public streets in Philadelphia conviction, 1 to 2 years' imprisonment for the possession of an instrument of crime conviction, 1 to 2 years' imprisonment for the terroristic threats conviction, 1-2 years' imprisonment for the tampering with or fabricating physical evidence conviction, and 1-2 years' imprisonment for the resisting arrest conviction. The simple assault and REAP conviction merged for sentencing purposes.

On November 25, 2013, Appellant filed a post-sentence motion. On February 21, 2014, Appellant filed a notice of appeal, which this Court quashed as interlocutory because the trial court had not yet addressed the post-sentence motion. On March 25, 2014, the trial court denied the post-sentence motion. Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

On February 11, 2015, Appellant requested remand to allow him to file a supplement statemental of errors complained of on appeal to include a claim based on *Alleyne v. United States*, 133 S.Ct. 2151, 186 L.Ed.2d 314 (U.S.2013). On March 17, 2015, this Court remanded the case, vacated the briefing schedule, and permitted Appellant to supplement his statement of errors complained of on appeal. The trial court issued a supplemental 1925(a) opinion on August 5, 2015, addressing Appellant's *Alleyne* claims.

Appellant raises the following issues on appeal:

A. Did not the lower court erroneously find Appellant guilty of aggravated assault, 18 Pa.C.S.[] §2702, graded as a felony of the first degree, where the Commonwealth failed to establish that the complainant, Vashti Thomas, suffered serious bodily injury when she was shot in the foot, or that Appellant intended to cause serious bodily injury, and in consequence of this error, did not the lower court err when it determined that Appellant caused serious bodily injury, and was therefore subject to an offense gravity score of eleven under the Sentencing Guidelines for the charge of aggravated assault?

B. Did not the lower court err and abuse its discretion when it imposed a sentence of ten to twenty years' incarceration following a bench trial where the sentence was manifestly excessive and unreasonable, the court failed to examine and investigate adequately Appellant's background, character, and rehabilitative needs, and failed to state adequate reasons on the record for imposing such a sentence?

C. Did not the lower court err when it sentenced Appellant pursuant to 42 Pa.C.S.[] §9712 (Sentences for offenses committed with firearms), since under the United States Supreme Court's holding in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and this Court's ruling in *Commonwealth v. Valentine*, 101 A.3d 801 (Pa. Super. 2014), portions of §9712 are facially unconstitutional and are nonseverable from the remaining provisions of the statute?

Appellant's Brief at 4-5.

Appellant's first claim alleges the Commonwealth failed to present sufficient evidence to establish he inflicted serious bodily injury upon Appellant or that he intended to cause serious bodily injury, and, therefore, the Commonwealth failed to establish Appellant committed aggravated assault. Appellant's brief at 17.

- 5 -

We apply the following standard when reviewing a sufficiency of the evidence claim: "[W]hether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Lehman*, 820 A.2d 766, 772 (Pa.Super.2003), *affirmed*, 870 A.2d 818 (2005) (quoting *Commonwealth v. DiStefano*, 782 A.2d 574 (Pa.Super.2001)). When we apply this standard, "we may not weigh the evidence and substitute our judgment for the fact-finder." *Id.*

"[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." *Lehman*, 820 A.2d at 772 (quoting *DiStefano*, 782 A.2d at 574). Moreover, "[a]ny doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Id.* "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Id.*

In applying the above test, we must evaluate the entire record and we must consider all evidence actually received. *DiStefano*, 782 A.2d at 582. Further, "the trier of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." *Id.*

A defendant is "guilty of aggravated assault if he: (1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S. § 2702(a)(1). "For aggravated assault purposes, an 'attempt' is found where the accused, with the required specific intent, acts in a manner which constitutes a substantial step toward perpetrating a serious bodily injury upon another." *Commonwealth v. Martuscelli*, 54 A.3d 940, 948 (Pa.Super.2012) (quoting *Commonwealth v. Gruff,* 822 A.2d 773, 776 (Pa.Super.2003)). "Serious bodily injury" is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301.

Appellant maintains the evidence established he fired the gun twice, into an upstairs wall and on the porch, when he pointed and fired the gun at the concrete floor. Appellant's Brief at 18. He argued the victim was shot once in the ankle, and she testified that Appellant did not point the gun at her and that Appellant fired the gun to frighten her. *Id.* Appellant notes the victim also explained the bullet could not be retrieved from the ankle, but it caused her no pain and that she required no treatment following her release from the hospital. *Id.* Further, the bullet did not interfere with her daily activities and she did not believe the bullet would lead to future repercussions. *Id.* Appellant concludes there was no evidence the victim

suffered serious bodily injury or that he had the specific intent to cause serious bodily injury. *Id.* at 18-24.

The Commonwealth presented sufficient evidence to establish beyond a reasonable doubt that Appellant intended to cause the victim serious bodily harm. Appellant and the victim were arguing. Appellant grabbed the victim by the hair, and pinned her down. N.T., 8/16/2013, at 28. The victim poured bleach on Appellant. *Id.* When the victim attempted to gather her children, Appellant said she was "not getting the kids" and she "better get out." *Id.* at 29-30. Appellant pulled out a gun, and fired it. *Id.* at 31. The victim ran to the stairs, and Appellant ran after her. *Id.* Appellant shot at the victim again as the victim was exiting the house. *Id.* at 32. The victim testified that Appellant only fired the gun to frighten her. *Id.* at 54. However, as the trial court noted, the victim was already fleeing from Appellant when he fired the shots. 1925(a) Opinion, at 7. Regardless whether Appellant aimed the gun at the cement or at the victim, because he fired a gun in the direction of the victim, a finder of fact could find Appellant intended to cause serious bodily injury to the victim. *See Commonwealth v. McCalman*, 795 A.2d 412, 417 (Pa.Super.2002) ("in carelessly brandishing and shooting a firearm, [Appellant] clearly displayed an attempt to cause 'serious bodily injury' as contemplated by the statute").[5]

---

[5] Because we find Appellant intended to cause serious bodily injury, we need not address whether Appellant caused serious bodily injury.

Further, because the Commonwealth presented sufficient evidence to support the trial court's finding that Appellant was guilty of aggravated assault pursuant to 18 Pa.C.S. § 2702(a)(1), the court properly graded the offense as a first degree felony. 18 Pa.C.S. § 2702(b) ("Aggravated assault under subsection (a)(1), (2) and (9) is a felony of the first degree. Aggravated assault under subsection (a)(3), (4), (5), (6), (7) and (8) is a felony of the second degree").

Appellant's next issue challenges the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super.2011) (quoting *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa.Super.2000)). Before this Court can address a discretionary challenge, we must engage in a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super.2013) (quoting *Commonwealth v. Malovich*, 903 A.2d 1247, 1250 (Pa.Super.2006)); *see also Allen*, 24 A.3d at 1064.

Appellant raised his discretionary aspect of sentence issue in a timely post-sentence motion and filed a timely notice of appeal. Further,

Appellant's brief includes a statement of reasons relied upon for allowance of appeal pursuant to Rule 2119(f). We must therefore determine whether Appellant's brief raises a substantial question.

"The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa.Super.2011) (quoting *Commonwealth v. Fiascki*, 886 A.2d 261, 263 (Pa.Super.2005)). A substantial question exists where a defendant raises a "plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa.Super.2013) (quoting *Commonwealth v. Naranjo*, 53 A.3d 66, 72 (Pa.Super.2012)).

Appellant maintains the sentence was excessive and based on inappropriate reasons since the trial court ignored all mitigating evidence, focused on punishment and retribution, and calculated an incorrect offense gravity score. Appellant's Brief at 13-14. Appellant maintains the trial court improperly imposed the deadly weapons enhancement and imposed an excessive sentence. *Id.* Appellant's issue raises a substantial question. *See Commonwealth v. Samuel*, 102 A.3d 1001, 1007 (Pa.Super.2014) (appellant raised substantial question when he alleged sentence was excessive and court failed to consider mitigating circumstances); *Commonwealth v. Rhoades*, 8 A.3d 912, 916 (Pa.Super.2010)

("application of the deadly weapon enhancement presents a substantial question").

"Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa.Super.2010). (quoting *Commonwealth v. Johnson*, 967 A.2d 1001 (Pa.Super.2009)). "An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Id.* (citing *Commonwealth v. Walls*, 926 A.2d 957 (Pa.2007)). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Id.* at 1283 (citing *Commonwealth v. Malovich*, 903 A.2d 1247 (Pa.Super.2006)). Further, "[w]here pre-sentence reports exist, we shall . . . presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Antidormi*, 84 A.3d 736, 761 (Pa.Super.2014) (quoting *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa.1988)).

In the 1925(a) opinion, the trial court explained:

> At sentencing, the [c]ourt considered [Appellant's] prior interaction with Thomas when he pointed a shotgun at her in 2010. Additionally, the [c]ourt considered the

- 11 -

applicability of a five year mandatory minimum sentence under 42 Pa.C.S.[] § 9712, for offenses committed with firearms. In fashioning an appropriate sentence, the record reflects that the [c]ourt also considered the following: the Presentence Investigation report, the Mental Health evaluation, [Appellant's] prior involvement with the criminal justice system, and the sentencing guidelines. The [c]ourt also considered the complaining witness, Vashti Thomas' testimony, her letter to the [c]ourt and [Appellant's] support from members of his family. Additionally, the court considered that a deadly weapon was used, the consequences of what happened, the safety of the victim, the prospect of [Appellant's] rehabilitation[,] and whether [Appellant] had the opportunity to address his issues in the past.

1925(a) Opinion, at 13 (citations to record omitted).

The trial court did not abuse its discretion when it sentenced Appellant. Because Appellant used a firearm during the commission of aggravated assault, the trial court properly applied the deadly weapon sentencing guideline enhancement. *See* 204 Pa.Code § 303.10. Further, prior to imposing the 10 to 20 year sentence, the trial court considered the mitigating factors presented at the sentencing hearing, as well as Appellant's pre-sentence investigation report and mental health evaluation.

In Appellant's last issue, he claims the trial court erred when it sentenced him pursuant to the mandatory minimum sentence contained in 42 Pa.C.S. § 9712, which has been held unconstitutional. Appellant's Brief at 27-31. He further maintains the trial court erred when it maintained that the deadly weapon enhancement could still be applied, as the deadly weapon enhancement also was unconstitutional. *Id.*

In ***Alleyne v. United States***, the Supreme Court of the United States found that any fact, other than a prior conviction, that triggers a mandatory minimum sentence is an element of the offense that must be found by a jury beyond a reasonable doubt. 133 S.Ct. 2151, 2160-62, 1260 n.1 (U.S.2013). Pursuant to ***Alleyne***, this Court has found 42 Pa.C.S. § 9712, which provides a mandatory minimum for use of a firearm while committing a crime of violence, unconstitutional.[6] ***Commonwealth v. Valentine***, 101 A.3d 801, 811-12 (Pa.Super.2014). The trial court sentenced Appellant to 10 to 20 years' imprisonment for the aggravated assault conviction, above the five-year mandatory minimum contained in section 9712. The sentence, therefore, was constitutional. ***Commonwealth v. Zeigler***, 112 A.3d 656, 662 (Pa.Super.2015) (where sentence imposed exceeds mandatory minimum, the sentence does not present a constitutional problem, as trial court did not apply the unconstitutional mandatory minimum).

Further, this Court has found ***Alleyne*** does not impact the use of the sentencing enhancements, as sentencing guideline enhancements do "not bind the trial court to impose any particular sentencing floor." ***Commonwealth v. Ali***, 112 A.3d 1210, 1226 (Pa.Super.2015); ***accord Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1270 n.10

_____

[6] The sentencing hearing occurred after the issuance of ***Alleyne***, but prior to issuance of this Court's decisions addressing the constitutionality of Pennsylvania's mandatory minimum statutes.

(Pa.Super.2014) (*en banc*).  Therefore, the trial court did not err by applying the deadly weapon enhancement.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/15/2016